UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

and

QUENTON BORRESON,

        Plaintiff in Intervention,

v.

PACIFIC COMMERCIAL EQUIPMENT,
INC., d/b/a AERO CONSTRUCTION,

        Defendant.

No. C04-940Z

ORDER

This matter comes before the Court on the Defendant's Motion for Summary Judgment, to Compel and for Sanctions, and for Direction from the Court, docket no. 75, as well as the Plaintiffs' Motions to Strike and Motion for Sanctions, docket no. 87.

The Court DENIES the Defendant's Motion for Summary Judgment, docket no. 75. The Defendant's argument that Mr. Borreson was not available for work due to his status as an unregistered convicted sex offender fails. It is undisputed that Defendant Pacific Commercial Equipment, Inc., d/b/a/ Aero Construction ("Aero" or "Defendant") was not aware of Mr. Borreson's prior conviction at the time of his application for employment.

ORDER  1–

After-acquired evidence may limit damages, but it does not bar liability altogether. <u>McKennon v. Nashville Banner Publ'g Co.</u>, 513 U.S. 352, 362-63 (1995).  There are material issues of fact that preclude summary judgment.

The Court DENIES the Defendant's Motion to Compel Mr. Borreson to answer all questions in his deposition and for sanctions, docket no. 75.  Fed. R. Civ. P. 30(d)(1) states that "a person may instruct a deponent not to answer only when necessary to preserve a privilege . . . ."  What is privileged is defined by the Federal Rules of Evidence; these rules include the rule against self-incrimination.  See <u>Campbell v. Gerrans</u>, 592 F.2d 1054, 1056 (9th Cir. 1979).  The Ninth Circuit has noted that there are clearly cases where the refusal to answer is permitted by the discovery rules under the privileged matter exception.  <u>Id.</u> at 1057.  This is one of those cases.  Mr. Murphy declared during the deposition that he intended to ask questions about the ongoing commission of a felony.  Murphy Decl., Ex. D (Borreson Dep. at 207:22-208:3).  Facing such questioning, Mr. Borreson was entitled to invoke his privilege against self-incrimination.

The Plaintiffs move the Court to award sanctions against Mr. Murphy for his conduct during Mr. Borreson's deposition.  Plaintiffs' Response, docket no. 87, at 20-23.  When a party has acted vexatiously or in bad faith, the Court may sanction that party in the form of attorneys' fees.  <u>Primus Automotive Financial Services, Inc. v. Batarse</u>, 115 F.3d 644, 648 (9th Cir. 1997).  Mr. Murphy must have notice and an opportunity to be heard before the Court may impose sanctions.  <u>Lasar v. Ford Motor Co.</u> 399 F.3d 1101, 1110-11 (9th Cir. 2005).  The Court has reviewed the transcript of the deposition at issue and concludes that Mr. Murphy's continued questioning of Mr. Borreson after he had invoked his Fifth Amendment privilege was calculated to harass and embarrass Mr. Borreson.  Mr. Borreson's counsel requested that Mr. Murphy stop questioning Mr. Borreson on the subject of his prior conviction and any potential ongoing felony, yet Mr. Murphy doggedly pursued this improper line of questioning.  See Murphy Decl., docket no. 76, Ex. D (Borreson Dep. at

ORDER  2–

206:15-230:19).  As it was clear that Mr. Borreson would refuse to answer any questions on this topic, Mr. Murphy should have moved to a new line of questioning.  Mr. Murphy also impliedly accused Mr. Borreson's counsel of assisting in the commission of a felony by participating in this case and offered his personal opinions on Mr. Borreson's criminal history.  Id. (Borreson Dep. at 209:1-3, 219:18-20).  By aggressively pressing Mr. Borreson to answer questions on a subject on which he had invoked his Fifth Amendment privilege not to answer, Mr. Murphy acted vexatiously and in bad faith.  See Chambers v. NASCO, 501 U.S. 32, 45-46 (1991).  The Plaintiffs moved for sanctions in their Response brief, docket no. 87, which detailed Mr. Murphy's potentially sanctionable conduct.  The Plaintiffs' motion gave Mr. Murphy notice that the Court might consider sanctions, including sanctions based on a breach of ethics.  Mr. Murphy had an opportunity to be heard on the issue of sanctions in his Reply brief, but chose not to address the issue.  See Defendant's Reply, docket no. 11.

Under its inherent authority, the Court GRANTS the Plaintiffs' motion for sanctions against Mr. Murphy and awards both Plaintiff EEOC and Plaintiff Borreson sanctions in the amount of their attorneys' fees and costs for preparation and attendance at Mr. Borreson's April 28, 2005 deposition and for preparing a response to the Defendant's Motion for Summary Judgment, docket no. 75.  Plaintiff Quenton Borreson and Plaintiff EEOC shall submit to the Court within fifteen (15) days of the date of this Order a declaration setting forth their attorneys' fees and costs.

The Court further ORDERS Mr. Murphy to earn ten (10) Continuing Legal Education Ethics credits within twelve (12) months of the date of this Order and to certify to the Court within 12 (twelve) months the completion of this requirement.

The Court STRIKES as MOOT the Defendant's Motion for Direction from the Court.  It is undisputed that Mr. Borreson has now registered with Snohomish County.

ORDER  3–

As the Court DENIES the Defendant's motion for summary judgment, docket no. 75, the Court STRIKES as MOOT the Plaintiffs' Motions to Strike, docket no. 87.

IT IS SO ORDERED.

DATED this 28th day of June, 2005.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER  4–