1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

10

No.  C04-940Z

Plaintiff,

11

and

12

QUENTON BORRESON,

ORDER

13

Plaintiff in Intervention,

14

v.

15

PACIFIC COMMERCIAL EQUIPMENT,
INC., d/b/a AERO CONSTRUCTION,

16

17

Defendant.

18

19

In a June 28, 2005 Order the Court denied the Defendant's Motion for Summary

20

Judgment, docket no. 75, and granted the Plaintiffs' request for sanctions.   The Court has

21

reviewed the Plaintiffs' response to the Court's Order and the documents supporting that

22

response, docket no. 91, as well as the Defendant's response, docket no. 111.

23

The amount of sanctions awarded is within the discretion of the Court.  Gomez v.

24

Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001).  The Court should award sanctions as are

25

necessary to compensate the innocent party, to vindicate the affront to the Court, and to

26

ensure that the abuse is not repeated.  Chambers v. NASCO, 501 U.S. 32, 56-57 (1991).

ORDER   1–

1    The Defendant argues that the Court must find a causal connection between the

2  sanctions imposed and the defendant's egregious conduct.  Defendant's Response, docket no.

3  111, at 2-3 (citing Chambers, 501 U.S. at 45–46).  The Chambers Court stated "a court may

4  assess attorney's fees [under its inherent powers] when a party has acted in bad faith,

5  vexatiously, wantonly, or for oppressive reasons."  Id. at 45-46.  Such sanctions also serve

6  the dual purpose of "vindicating the Court's authority" and "making the prevailing party

7  whole for expenses caused by his opponent's obstinacy."  Id. at 46.  In addition, the Court

8  must find some connection between the defendant's sanctionable conduct and the sanctions

9  imposed.  Carroll v. Jaques, 926 F. Supp. 1282, 1291 (E.D.Tex. 1996).

10    The Court finds a connection between the sanctions imposed and the Defendant's

11  sanctionable conduct.  The sanctionable conduct occurred at a deposition prepared for and

12  attended by Teri Healy of the EEOC, Mr. Borreson, and Mr. Borreson's counsel.  At the

13  deposition, Defense counsel barraged Mr. Borreson with questions regarding his status as an

14  unregistered convicted sex offender.  Defense counsel ignored Plaintiffs' counsel's

15  invocation of Mr. Borreson's Fifth Amendment right against self incrimination and

16  continued for some time to question Mr. Borreson regarding his past criminal convictions

17  and possible current criminal conduct.  See Murphy Decl., docket no. 76, Ex. D (Borreson

18  Dep. at 206:15-230:19).  Defense counsel also impliedly accused Plaintiffs' counsel of

19  assisting in the commission of an ongoing felony.  Id. (Borreson Dep. at 209:14-17).  The

20  Defendant then filed a motion for summary judgment based on Mr. Borreson's status as an

21  unregistered sex-offender and argued that Mr. Borreson's claim of disability discrimination

22  was barred in its entirety as a result.  See Defendant's Motion for Summary Judgment,

23  docket no. 75.  The Defendant's sanctionable conduct is directly related to both Mr.

24  Borreson's deposition and the Defendant's subsequent motion for summary judgment.

25    The Court finds that the amount of attorneys' fees and costs requested by Plaintiffs is

26  excessive.  However, the Court finds, and the Defendant does not dispute, that the hourly

ORDER   2–

1   rates proposed by the Plaintiffs are reasonable.  The Plaintiffs request a total of $37,205 in

2   attorneys' fees and $8,870.35 in costs.

3           The Plaintiffs state that $5,817 of the requested attorneys' fees can be attributed to

4   EEOC attorney Teri Healy's and Mr. Borreson's counsel Stephen Teller's preparation for

5   and attendance at Mr. Borreson's deposition.  See Plaintiffs' Response, docket no. 91 (Healy

6   Decl.), (Teller Decl.).  Ms. Healy generated $2,442 of these fees, and Mr. Teller generated

7   $3,375.  The Court finds that an appropriate sanction for Defense counsel's conduct at the

8   deposition is 20 percent of this amount, or $1,163.40, $488.40 to the EEOC and $675 to

9   Plaintiff Borreson for his attorneys' fees.

10          The Court's review of the Plaintiffs' submission indicates that $27,948 of the

11  requested attorneys' fees are attributable to Plaintiffs' response to issues raised in the

12  deposition and preparation and submission of the Plaintiffs' joint opposition to Defendant's

13  Motion for Summary Judgment.  See id. (Olson Decl.), (Lee Decl.), (Healy Decl.), (Teller

14  Decl.).  Mr. Teller generated $16,605 of this amount and the EEOC generated $11,343.  The

15  Court finds that at least 20 percent of this amount, or $5,589.60, is attributable to Defense

16  counsel's conduct at the deposition and his use of unnecessarily intimidating litigation

17  tactics.  $3,321 of this amount is awarded to Plaintiff Borreson for his attorneys' fees and

18  $2,268.60 of this amount is awarded to Plaintiff EEOC.

19          $3,440 of Plaintiffs' requested attorneys' fees are attributable to Plaintiffs' counsel's

20  preparation and response to this Court's June 28, 2005 Order.  These fees were not

21  contemplated by this Order and the Court declines to award them as sanctions.  Similarly, the

22  Court declines to award fees to attorneys who prepared declarations for the Plaintiffs'

23  response to the Court's order.

24          The Plaintiffs request $8,870.35 in costs.  The EEOC incurred $8,056.79 of the

25  requested costs.  $7,332.11 of these costs are for deposition transcripts of witnesses other

26  than Mr. Borreson, which the Plaintiffs used in their response to the Defendant's Motion for

ORDER   3–

1   Summary Judgment.  The remainder of the EEOC's costs, $724.68, are for scanning

2   documents into PDF format to be filed via the Court's electronic filing system and for the

3   costs of the transcript of Mr. Borreson's deposition.  The Court finds that awarding costs for

4   deposition transcripts for witnesses other than Mr. Borreson is excessive and unnecessary to

5   meet the Court's goals of deterring future conduct, vindicating the Court's authority, and

6   compensating the wronged party.  The Court therefore awards the EEOC $724.68 in costs.

7          Mr. Borreson incurred $813.56 of these costs.  Mr. Teller states that these costs

8   include $500 for retaining a criminal defense expert consultant for legal research on sex

9   offender registration laws, copies and parking.  Plaintiffs' Response, docket no. 91, (Teller

10  Decl.).  Mr. Teller has provided no receipts or other documentation of these costs.

11  Therefore, the Court finds that the costs requested by Mr. Teller are not supported and

12  declines to award sanctions for such costs.

13         The Court awards attorneys' fees in the amount of $6,753, $2,757 to the EEOC and

14  $3,996 to Mr. Borreson for his attorney's fees.  The Court awards $724.68 in costs to the

15  EEOC.  This award is payable within ten days of the date of this Order.

16  IT IS SO ORDERED.

17         DATED this 29th day of August, 2005.

18

19                                        _____

20                                        Thomas S. Zilly
                                          United States District Judge

21

22

23

24

25

26

ORDER   4–