The Honorable Thomas S. Zilly

04-CV-00940-ORD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

and

QUENTON BORRESON,

    Plaintiff in Intervention

v.

PACIFIC COMMERCIAL EQUIPMENT, INC.,
d/b/a AERO CONSTRUCTION,

    Defendant.

CASE NO. C04-940 Z

[~~Proposed~~] CONSENT DECREE
AND ORDER OF DISMISSAL

## I. INTRODUCTION

1. This action originated with a charge of discrimination filed by Quenton Borreson with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 ("ADA").

2. The EEOC investigated this charge and issued a Determination on June 26, 2003, finding reasonable cause to believe that Pacific Commercial Equipment, Inc. d/b/a Aero

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882

PACIFIC COMMERCIAL CONSENT DECREE - 1

Construction ("Pacific Commercial" or "Defendant") discriminated against Quenton Borreson, a qualified individual with a disability, when it failed to hire Mr. Borreson for the position of heavy equipment operator because of his disability, or perceived disability.

3. The EEOC filed this lawsuit in the United States District Court for the Western District of Washington on April 23, 2004. EEOC alleges that Pacific Commercial violated the ADA by failing to hire Mr. Borreson for the position of heavy equipment operator because of his disability, or perceived disability. Mr. Borreson intervened on June 6, 2004, alleging both federal and state claims based on Defendant's failure to hire him. Defendant denies all allegations of both lawsuits and asserts that it did not extend an offer of employment to plaintiff Borreson for legitimate, non-discriminatory reasons.

4. The EEOC, Pacific Commercial and Mr. Borreson want to fully and finally conclude all claims arising out of the above charge without the expenditure of further resources and expenses in contested litigation. They agree that entry of this Consent Decree will be in the interest of the parties and will further the objectives of the anti-discrimination provisions under the ADA.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington at Seattle.

## III. NON-ADMISSION OF LIABILITY

6. This Consent Decree is not an adjudication or finding on the merits of this case and

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882

PACIFIC COMMERCIAL CONSENT DECREE - 2

shall not be construed as an admission by Pacific Commercial or Aero Construction of a violation of the ADA or any other federal or state laws.

## IV. PURPOSE OF THE AGREEMENT

7. The parties have entered into this Consent Decree in order to achieve the following purposes:

    a. To assure the implementation of policies and procedures which prohibit Pacific Commercial from discriminating and retaliating against employees because of their disability. Pacific Commercial also agrees not to retaliate against any employee who complains about discrimination or participates in the investigation of a complaint.

    b. To assure that Pacific Commercial implements and promotes an anti-discrimination policy and complaint procedure to effectively prevent discrimination and to address and correct such alleged discrimination.

    c. To assure that Quenton Borreson is compensated for alleged losses suffered in connection with his nonselection by Pacific Commercial.

    d. To avoid time, expense, and uncertainty of further litigation.

## V. GENERAL PROVISIONS

8. This Consent Decree is intended to and does effectuate the full, final, and complete resolution of all allegations of unlawful employment practices and discrimination encompassed by the original discrimination charge and the Complaints filed in *EEOC and Borreson v. Pacific Commercial Equipment, Inc. d/b/a Aero Construction*, Civil No. CV 04-940. The entry of this Consent Decree resolves all claims and controversies between the parties, including all claims for direct and consequential damages, all requests for declaratory and injunctive relief, claims for punitive damages, attorneys' fees and costs, except that entry of this Consent Decree does not

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882

PACIFIC COMMERCIAL CONSENT DECREE - 3

address or resolve the Order of sanctions entered by the Court on June 28, 2005 against defense counsel (Court File Docket No. 90), and the parties reserve the right to pursue further litigation regarding the Court's June 28, 2005 Order of sanctions, and the related August 29, 2005 Order (Court File Docket No. 113).

9. This Consent Decree constitutes the complete understanding between the EEOC and Pacific Commercial with respect to matters herein. It is expressly agreed that if EEOC concludes that Pacific Commercial has failed to comply with this Consent Decree, the Commission may bring an action in the United States District Court for the Western District of Washington to enforce the Consent Decree as provided in paragraph 20 below.

## VI.  MONETARY RELIEF

10. Pacific Commercial agrees to pay Quenton Borreson $105,000, resolving all claims for damages, fees, and costs sought through the parties' complaints, with the limitation noted in Paragraph 8, within thirty (30) days of the parties' execution of this Consent Decree, or within 30 days of plaintiff providing payment instructions and completed W-9 forms for the payee(s) to counsel for Pacific Commercial, whichever is later. The method of payment is outlined in a separate Release negotiated between Mr. Borreson and Defendant.

## VII.  INJUNCTIVE RELIEF

A. <u>Compliance with the ADA</u>

11. Pacific Commercial will comply with the affirmative obligations of this Consent Decree. Pacific Commercial agrees that it will not discriminate against any employees because of their disability in any employment decision.

12. Pacific Commercial will not retaliate against any employee for making a charge of discrimination or for testifying, assisting, or participating in any investigation, proceeding, or hearing associated with this lawsuit.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882

PACIFIC COMMERCIAL CONSENT DECREE - 4

13. In recognition of its obligations under the ADA, Pacific Commercial will institute the policies and practices set forth below.

B. Policy Against Discrimination

14. Pacific Commercial shall carry out anti-discrimination policies, procedures, and training for employees, supervisors, and management personnel, to the extent not already established, and will provide equal employment opportunities for all employees. Pacific Commercial will work with its managers and supervisors in order to prevent discrimination in employment under the ADA, and to ensure that its managers and supervisors understand its Equal Employment Opportunity policies and how those policies define and identify what constitutes discrimination. A written copy of Pacific Commercial EEO policy will be distributed to all its present and future employees.

C. Training

15. Pacific Commercial will provide to its managers and supervisors a minimum of three (3) hours of ADA training each year during the duration of this Consent Decree. The cost of the training shall be borne by the company. The persons conducting the training shall be subject to review and approval by the EEOC.

16. The training will focus on EEO issues in interviews and hiring, conducting individualized assessments of employees with disabilities, and handling requests for reasonable accommodation. The first training shall take place within in sixty (60) days after entry of this Consent Decree.

17. Pacific Commercial will retain a record of the training programs, including dates held and persons who attend. A copy of these records of training materials shall be submitted to the EEOC in accordance with section D below.

D. Reporting

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882

PACIFIC COMMERCIAL CONSENT DECREE - 5

18. One year following the entry of this decree and every year thereafter for the duration of the Decree, Pacific Commercial will report to the EEOC Seattle District Office. The report will contain the following information:

a. Certification of the completion of the minimum three (3) hours of training each year, with a list of attendees, as provided in paragraph 15.

b. Certification that its EEO policy has been distributed to all current and newly hired employees;

c. A list of any changes, modifications, revocations or revisions to its EEO policies and procedures which concern or affect the subjects of discrimination based on disability and reasonable accommodation; and

d. A summary of all complaints of disability based discrimination, if any, which have been lodged by any applicant or current or former employee internally, through a grievance system, or with any governmental agency, concerning employment practices, and the resolution of each complaint.

E. Posting of Notice

19. Within sixty (60) days after entry of this Consent Decree, Pacific Commercial will post a copy of the Notice of Settlement (Attachment 1) in all areas where the Defendant posts information on employment policies and other pertinent employee information, and will maintain this posting for the life of the Consent Decree.

VII. ENFORCEMENT

20. If the EEOC concludes that Pacific Commercial has breached this agreement, it may bring an action in the United States District Court of the Western District of Washington to enforce this Consent Decree. Before bringing an action for breach of the decree, the EEOC shall first give Pacific Commercial thirty (30) days notice of the perceived breach. The EEOC and Pacific Commercial shall use that 30-day period for good faith efforts to resolve the matter.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882

PACIFIC COMMERCIAL CONSENT DECREE - 6

## IX. RETENTION OF JURISDICTION

21. The United States District Court of the Western District of Washington shall retain jurisdiction over this matter for the duration of the Consent Decree.

## X. DURATION AND TERMINATION

22. This decree shall be in effect four years, commencing with the date the decree is filed. If the EEOC petitions the court for breach of agreement, and the court finds Pacific Commercial to be in violation of the terms of the Consent Decree, the Court may extend this Consent Decree for a reasonable period of time.

## XI. CONCLUSION

23. The provisions of this Consent Decree are not binding on the parties until and authorized representative of each party signs and the Court enters the Consent Decree. The forgoing terms and conditions are agreed upon and stipulated to the 2nd day of September, 2005.

Respectfully submitted,

| | |
|---|---|
| A. LUIS LUCERO, JR.<br>Regional Attorney | ERIC S. DRIEBAND<br>General Counsel |
| KATHRYN OLSON<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| TERI HEALY<br>Senior Trial Attorney | GWENDOLYN YOUNG REAMS<br>Associate General Counsel |
| DAMIEN A. LEE<br>Senior Trial Attorney | |
| BY:  s/ Kathryn Olson<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Seattle District Office<br>909 First Avenue, Suite 400<br>Seattle, Washington 98104<br>Telephone (206) 220-6915 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Office of the General Counsel<br>1801 "L" Street NW<br>Washington, D.C. 20507 |

Attorneys for Plaintiff EEOC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882

1

2
   BY: _s/ James P. Murphy_
3
   James P. Murphy
   Lybeck Murphy, LLP
4
                               Attorneys for Defendant
5
   BY: _s/ Stephen A. Teller_
6
   Stephen A. Teller
   Law offices of Stephen A. Teller
7

8
                            Attorney for Plaintiff in Intervention
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
27
                                                            Seattle District Office
                                                            Federal Office Building
28
                                                           909 First Avenue, Suite 400
                                                           Seattle, WA 98104-1061
                                                           Telephone (206) 220-6884
                                                             FAX (206) 220-6911
                                                             TTY (206) 220-6882

PACIFIC COMMERCIAL CONSENT DECREE - 8

ORDER APPROVING CONSENT DECREE AND DISMISSING ACTION

The Court having considered the foregoing stipulated agreement of the parties, HEREBY ORDERS THAT the foregoing settlement agreement is approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without cost or attorneys' fees to any party, although entry of this Consent Decree does not resolve the Order of sanctions entered by this Court on June 28, 2005 against defense counsel (Court File Docket No. 90). The Court specifically recognizes the parties' right to pursue further litigation regarding this Court's June 28, 2005 Order of sanctions. The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein and with regards to the June 28, 2005 Order of sanctions.

DATED this 7 day of Sept, 2005

THE HONORABLE THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle District Office
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6883
FAX (206) 220-6911
TTY (206) 220-6882



# NOTICE TO EMPLOYEES

This notice has been posted pursuant to an Order of the Court, entered on _____, approving the Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission (EEOC) against Pacific Commercial Equipment, Inc. d/b/a Aero Construction (Aero Construction) in the Western District of Washington. The Consent Decree resolves EEOC's claims of discrimination against Aero Construction and enjoins the company from conduct prohibited by law. Aero Construction affirms its commitment to compliance with laws against discrimination.

Federal law and the Consent Decree prohibit discrimination against any individual because of his or her sex, race, national origin, age over forty, disability, color, religion. Federal law and the Consent Decree also prohibit harassment on any of these bases.

Federal law also prohibits retaliation against any individual by an employer because the individual complains of discrimination, cooperates with any Aero Construction or Government Investigation of a charge of discrimination, participates as a witness or potential witness in any investigation or legal proceeding, or otherwise exercises his or her rights under the law.

Any employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline up to and including immediate discharge.

Should you have any complaints of discrimination or harassment, you should contact Human Resources at _____.

Employees also have the right to bring complaints of discrimination or harassment to the U.S. Equal Employment Opportunity Commission, Seattle District Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, 206.220.6883, 1800.669.4000, or the Washington State Human Rights Commission at 711 S. Capitol Way, Suite 402, Olympia, WA 98504-2490, 360.753.6770.

**This notice shall remain prominently posted at Aero Construction until August 2009. This Official Notice shall not be altered, defaced, covered or obstructed by any other material.**